

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RICARDO GARCIA-VILLEGAS,

       Petitioner,

 -against-

NEW YORK ATTORNEY GENERAL,

       Respondent.

------------------------------------------------------------------X

12-CV-275 (ARR)

<u>NOT FOR ELECTRONIC
OR PRINT PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

On November 7, 2011, Ricardo Garcia-Villegas ("petitioner" or "Garcia-Villegas), appearing <u>pro se</u>, filed a petition for a writ of habeas corpus challenging his criminal conviction pursuant to 28 U.S.C. § 2254.[1] Garcia-Villegas claims that: (1) admission of the victim's autopsy report into evidence violated petitioner's Sixth Amendment right to confrontation; (2) petitioner's trial counsel rendered ineffective assistance by failing to object to the admission of the autopsy report; and (3) the prosecutor made inappropriate comments during summation that deprived petitioner of due process and a fair trial. Dkt. #1, at 21-33. For the reasons stated below, the petition is denied.

## I. BACKGROUND

On March 24, 2008, Garcia-Villegas was convicted after a jury trial in the Supreme Court of the State of New York, Queens County, of Murder in the Second Degree, N.Y. Penal L. § 125.25(1), Criminal Possession of a Weapon in the Fourth Degree, N.Y. Penal L. § 265.01(2), and Tampering with Physical Evidence, N.Y. Penal L. § 215.40(2). Dkt. #10-6, at 33.

---

[1] The petition is dated November 7, 2011 on the signature block but was not filed until January 17, 2011. Dkt. #1, at 1, 15.

1

Through appellate counsel, Garcia-Villegas filed an appeal in the New York Supreme Court, Appellate Division. Dkt, #8, at 13; Dkt. #10-5, at 1-37. Petitioner claimed that he was denied a fair trial through the prosecutor's allegedly improper summation comments. Id. at 4. In addition, Garcia-Villegas filed a pro se supplemental brief arguing that admission of the victim's autopsy report into evidence violated the Confrontation Clause. Id. at 73-85. The Appellate Division denied petitioner's appeal, reasoning that neither of these contentions were preserved for appellate review due to counsel's inadequate objections. Dkt. # 10-6, at 33-34. With respect to petitioner's due process claim, the court also added, "although several of the prosecutor's comments were better left unsaid, they did not, singly or in combination, deprive the defendant of a fair trial." Id. at 33. Likewise, the court also denied petitioner's Confrontation Claim on the merits. Id. at 34.

With the assistance of appellate counsel, Garcia-Villegas sought leave to appeal the Appellate Division's decision in the New York Court of Appeals. Dkt. #10-6, at 35-36. The New York Court of Appeals summarily denied petitioner leave to appeal. People v. Garcia-Villegas, 15 N.Y.3d 953 (2010). Garcia-Villegas then filed a pro se motion in the Appellate Division seeking to reargue his direct appeal.[2] Dkt. #10-6, at 57-67. The Appellate Division denied his motion. Dkt. #1, at 3.

While his motion to reargue his appeal was still pending, Garcia-Villegas filed a pro se

---

[2] Petitioner contended that the Supreme Court's decision in Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011) (holding that defendant had the right to confront the analyst who certified his blood-alcohol analysis report), supported his claim that admission of the victim's autopsy report violated his right to confrontation where defense counsel did not have the opportunity to cross-examine the medical examiner who produced the report. Even if this court were to review the merits of the Appellate Division's decision denying petitioner's motion to reargue, applying Bullcoming retroactively would contravene the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which authorizes habeas relief when a state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1) (emphasis added), and not when such an adjudication "'resulted in a decision that became contrary to, or [came to involve] an unreasonable application of, clearly established Federal law.'" Meras v. Sisto, 676 F.3d 1184, 1187-88 (9th Cir. 2012) (quoting Greene v. Fisher, 132 S. Ct. 38, 44 (2011)).

motion in the New York Supreme Court seeking to vacate his judgment of conviction pursuant to § 440.10 of the New York Criminal Procedure Law. Dkt. #10-6 at 70-85. Petitioner again argued that admission of the autopsy report violated his rights under the Confrontation Clause. Id. at 72. In addition, Garcia-Villegas contended, for the first time, that his trial counsel rendered ineffective assistance by failing to object to the admission of the autopsy report into evidence. Id. The New York Supreme Court denied petitioner's motion to vacate. Dkt. #8, at 18. It reasoned that that the Appellate Division had already considered and denied petitioner's Confrontation Clause claim on direct appeal. Id. at 18-19. The court also denied this claim on the merits. Id. at 19-20. In addition, the court denied petitioner's ineffective assistance claim, explaining that this claim was procedurally barred pursuant to § 440.10(2)(c) of the New York Criminal Procedure Law, insofar as petitioner should have raised it on direct appeal. Id. at 20. The court also denied the ineffective assistance claim on the merits. Id.

Thereafter, Garcia-Villegas filed a pro se motion in the Appellate Decision seeking leave to appeal the decision denying his motion to vacate. Id. The Appellate Division denied petitioner leave to appeal. Id. at 22.

## II. DISCUSSION

Respondent argues that each of petitioner's claims is procedurally barred from habeas review by this court. Id. at 26-27. The court agrees.

### 1. Legal standard

The Supreme Court "long has held that it will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." Harris v. Reed, 489 U.S. 255, 260 (1989). The Court has also held that "the adequate

and independent state ground doctrine applies on federal habeas," such that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto . . . ."[3] Id. at 262 (internal quotation marks omitted). In addition, "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

2.   Analysis

   a.   **Confrontation Clause Claim**

Garcia-Villegas first argues that admission of the victim's autopsy report into evidence violated his rights under the Confrontation Clause. Dkt. #1, at 21-27. Notwithstanding its alternative denial of this claim on the merits, the state appellate court explicitly held that petitioner's claim was "unpreserved for appellate review" pursuant to due § 470.05(2) of the New York Criminal Procedure Law. Dkt. #10-6, at 34. Under § 470.05(2), a legal question is preserved for appeal "when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim. Proc. Law § 470.05(2). The Second Circuit has held that § 470.05(2) is "firmly established and regularly followed," Garvey v. Duncan, 485 F.3d 709, 716 (2d Cir. 2007), and that "New York courts consistently interpret § 470.05(2) to require that a defendant specify the grounds of alleged error in sufficient detail so that the trial court may have a fair opportunity to rectify any error," id. at 715.

Here, "[t]here is no question that the Appellate Division's explicit invocation of the

---

[3] "The one exception to that rule, not at issue here, is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that [the federal court's] failure to review his federal claim will result in a fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 452 (2000).

4

procedural bar constitutes an 'independent' state ground, even though the court spoke of the merits of [petitioner's] claim in an alternative holding." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal citations omitted). Garcia-Villegas concedes that his trial counsel failed to object to the admission of the autopsy report into evidence. Dkt. #1, at 28. Petitioner's Confrontation Clause claim is therefore barred from habeas review by this court unless he can show cause and prejudice to excuse the procedural default. See Murray v. Carrier, 477 U.S. 478, 485 (1986).

Petitioner attributes the procedural default to his counsel's alleged ineffectiveness. Dkt. # 1, at 30. However, although constitutionally ineffective assistance of counsel can constitute cause that excuses procedural default, see Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Carrier, 477 U.S. at 488, exhaustion doctrine[4] "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default," id. at 489 (emphasis added). To avoid procedural default, moreover, that claim must be presented to the state courts "in the manner that state law requires." Edwards, 529 U.S. at 452.

Under New York law, a claim must be presented on direct appeal, rather than through a § 440.10 motion to vacate, where the record on direct appeal is sufficient to allow resolution of the claim. See Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003) ("New York law requires a state court to deny a motion to vacate a judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional violation on direct appeal despite a sufficient record.") (citing N.Y. Crim. Proc. Law § 440.10(2)(c)); Izaguirre v. Lee, 856 F. Supp. 2d 551, 564 n.10 (E.D.N.Y. 2012) (concluding that the habeas petitioner's constitutional claim

---

[4] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1).

was "exhausted, but procedurally barred, because he failed to raise it on direct appeal" and instead raised it only in a § 440.10 motion); Calvo v. Donelli, No. 06-CV-1794 (JFB), 2007 WL 1288098, *9 (E.D.N.Y. 2007). Here, Garcia-Villegas failed to present his ineffective assistance claim on direct appeal and raised it for the first time only in his § 440.10 motion.

In addition, petitioner has not established that the trial record provided an inadequate basis, on direct appeal, for adjudicating his ineffective assistance claim. See Sweet, 353 F.3d at 140 ("Trial counsel plainly failed to object on inconsistency grounds to charging the counts in the conjunctive. [Petitioner] has not offered a reason, and we see none, suggesting that appellate counsel would have needed a new evidentiary hearing to develop this claim."); Reyes v. Keane, 118 F.3d 136, 139-40 (2d Cir. 1997) (indicating that the trial record was sufficient to resolve petitioner's claim that trial counsel was ineffective for failing to object to a jury charge); Aparicio v. Artuz, 269 F.3d 78, 90-92 (2d Cir. 2001) (holding that petitioner unjustifiably failed to raise on direct appeal his claim that trial counsel was ineffective for failing to argue that indictment of petitioner violated the constitutional prohibition against double jeopardy). Petitioner therefore cannot rely on trial counsel's alleged ineffectiveness as cause to excuse the procedural default of his Confrontation Clause claim.

Accordingly, this court is procedurally barred from reviewing petitioner's claim that admission of the autopsy report violated his right to confrontation.

### b. Ineffective Assistance of Counsel Claim

Garcia-Villegas next argues that defense counsel was constitutionally ineffective for failing to object to the admission of the victim's autopsy report into evidence. Dkt. #1, at 28-30. As discussed, however, petitioner failed to raise this claim on direct appeal and only did so in his § 440.10 motion. Because petitioner failed to present his ineffective assistance claim to the state

courts "in the manner that state law requires," Edwards, 529 U.S. at 452, this court is procedurally barred from reviewing that claim.

      **c.    Due Process Claim**

Finally, Garcia-Villegas contends that he was denied due process and a fair trial through the prosecutor's allegedly inappropriate summation comments. Dkt. #1, at 31-32. However, petitioner likewise procedurally defaulted this claim by failing to raise an adequate objection at trial.

### III. CONCLUSION

The petition for a writ of habeas corpus is denied. Because Garcia-Villegas has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. In addition, this court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-445 (1962). The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

                                                                /S/ Judge Allyne R. Ross
                                                               Allyne R. Ross
                                                               United States District Judge

Dated:       November 7, 2012
                Brooklyn, New York